**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

SORAYA AUDAIN,

 Plaintiff,

v.

EXPERIAN INFORMATION

SOLUTIONS, INC.,

 Defendant.

_____/

## COMPLAINT

 COMES NOW, Plaintiff SORAYA AUDAIN, by and through undersigned counsel, brings this action against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. hereinafter ("Experian") or ("Defendant"), and alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, and costs brought pursuant to the FCRA. The central claim is that Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in Plaintiff's consumer file specifically by omitting full account numbers, account information, and payment history for multiple tradelines.

2. One of the central purposes of the disclosure requirement in 15 U.S.C. § 1681g(a)(1) is to enable consumers to identify inaccurate information in their credit files and correct it through the dispute procedure set out in 15 U.S.C. § 1681i. To satisfy that purpose, a consumer reporting agency must do more than merely disclose information that is technically accurate. The

disclosure must also be presented in a way that allows the consumer to compare the information in the file with his own records and determine whether it is accurate. *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021) ("[T]he disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.").

3. In requiring disclosures to be made "clearly and accurately," Congress recognized that an accurate disclosure that is unclear still prevents meaningful review of the file and undermines a consumer-protection procedure created by the FCRA.

4. The FCRA's "file" is broadly defined as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). This definition is distinct from and broader than the definition of a "consumer report." *Nunnally v. Equifax Info. Servs., LLC*, 451 F.3d 768, 773 (11th Cir. 2006) ("to conflate the meaning of 'consumer report' with 'file' would make the terms redundant").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. Defendant conducts business in the State of Florida, is registered to do business in Florida, and has appointed registered agents in Florida. Personal jurisdiction is therefore proper.

## PARTIES

8. Plaintiff is a natural person residing in Miami-Dade County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant Experian Information Solutions, Inc. is headquartered in Costa Mesa, California, and does business in the State of Florida through its registered agent, CT Corporation System, located in Plantation, Florida.

10. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and they furnish consumer reports to third parties for monetary compensation.

## FACTS

### Audain's April 2026 Consumer Disclosure

11. On April 8, 2026, Plaintiff obtained a copy of her Experian consumer credit disclosure through www.annualcreditreport.com, the central source.

12. Defendant was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of "all" information in Plaintiff's file.

### Missing Payment Histories, Missing Account Information, and Missing Account Numbers

13. Experian omitted the full account number, omitted account information, and omitted payment history relating to the following tradelines:

- ADS/COMENITY/VICTORIA - 539176******
- AFFIRM - WUIT******
- CAPITAL ONE - 517805******
- CENTRAL RESOURCE INC/DOE - 510000******
- COLLECTION MANAGEMENT CO - 591758******
- CREDIT COLLECTION SERVIC - 971227******

- TD BANK NA - 483950******

14. Upon information and belief, the creditors reported the full account numbers, missing account information, and missing payment history belonging to its own respective account with Experian and this information was contained within Plaintiff's Experian file at the time of request.

15. When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and missing payment history is included in those reports.

16. Upon information and belief, there is substantial information relating to  Plaintiff that is contained in Experian's files that has not been disclosed to her, including but not limited to: (1) information that was previously included in consumer reports furnished to third parties; (2) information that is currently included in consumer reports being furnished to third parties; and (3) information that is retained and capable of being included in future consumer reports furnished to prospective creditors, insurers, or employers, none of which has ever been disclosed to the Plaintiff upon her request.

17. The CFPB's 2024 Advisory Opinion expressly requires that a consumer reporting agency disclose to the consumer 'all information the consumer reporting agency provided or might provide to a user,' making clear that the file disclosure obligation reaches information previously furnished to third parties and information capable of being furnished in the future. Consumer Fin. Prot. Bureau, Fair Credit Reporting; File Disclosure, 89 Fed. Reg. 5018, 5024 (Jan. 23, 2024), and Experian is obligated to disclose not only the information itself but also the identity of every original source and any intermediary or vendor source from which each item of information was obtained.

18. Experian's ability to furnish complete account numbers, account information, and payment history to third-party creditors and lenders confirms that the omitted information was contained

in Plaintiff's file at the time of her request, demonstrating both Experian's ability to comply with 15 U.S.C. § 1681g(a) and that the omissions from Plaintiff's consumer disclosure were deliberate, not accidental.

19. Having a duty to disclose all information regarding the accounts in Plaintiff's file, Experian breached this duty by failing to provide complete account numbers, complete account information, and complete and accurate payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in their credit file accurately.

20. Absent such information, a consumer is reduced to, at best, playing detective and at worst, guessing as to whether the information in their report is accurate.

21. The Experian disclosure contains "charge-off" information that stays on the consumers' credit report for up to seven years from the date the account first became delinquent, and they generally have a negative impact on the consumers' credit score.

22. On information and belief, the creditors reported the full account number, full account information, and full payment history to Experian and this information was contained in Experian's file on Plaintiff at the time of her request for her consumer disclosures.

23. Due to widespread systemic problems, Experian's automated systems omit all but the last four through ten digits or so of account numbers, as well as account information and payment history reported by data furnishers. Experian knows of these errors but, despite such knowledge, have yet to correct them.

24. The failure to disclose complete account numbers, complete account information, and complete payment history violates the FCRA's requirement that a consumer reporting agency "shall" upon request, disclose all information contained in a consumer's credit file clearly and accurately. See

*Washington v. Equifax,* Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer 'all information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

25. The failure of an entity to provide accurate and truthful information as required by law creates an injury in fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding that an alleged injury to a plaintiff's statutorily created right to truthful housing information was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore, the Article III requirement of injury in fact was satisfied.

26. The lack of accurate and complete account numbers, account information, and payment history caused Plaintiff great frustration and emotional distress when trying to understand her credit reports and verify them against her own records.

27. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information in the file."

28. Experian's omission of complete account numbers, complete account information, and complete payment history greatly decrease a consumer's ability to understand her consumer credit disclosures, identify the accounts, and compare those accounts with her own records.

**<u>Prevalence of Experian's Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History</u>**

29. Upon information and belief, the disclosure provided to Plaintiff by Experian was generated using standardized templates that extract information from a consumer's file and populate that information into pre-programmed fields on a disclosure form.

30. Upon information and belief, those same templates are used virtually every time a consumer requests a file disclosure from Experian through www.annualcreditreport.com.

31. Upon information and belief, www.annualcreditreport.com is the principal means by which a substantial number of consumers obtain their Experian disclosures.

32. Disclosures retrieved through www.annualcreditreport.com exhibit the same omissions of account numbers, account information, and payment history.

33. As a result, consumers whose accounts appear with missing information in disclosures obtained from Experian through www.annualcreditreport.com have received disclosures containing the same errors suffered by Plaintiff.

34. On information and belief, these deficiencies have affected thousands of consumers.

35. On information and belief, Experian has known of these systemic flaws for years and have failed to correct them despite the large number of affected consumers.

36. Experian's repeat conduct warrants an award of punitive damages.

37. Experian's failure to disclose all information in Plaintiff's credit file in the free annual disclosure is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the defendant's desire to avoid costs and increase profits.

38. Plaintiff has the right to accurate and complete credit file disclosures upon demand at least once a year without charge. 15 U.S.C. § 1681j.

39. Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived her of this right.

**COUNT 1**
**EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681g(a)(1)**

40. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 39 as if fully set forth herein.

41. The FCRA requires Experian, upon request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). A consumer's "file" means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). This definition is broader than the term "consumer report" and the two must not be conflated. *Nunnally v. Equifax Info. Servs., LLC*, 451 F.3d 768, 773 (11th Cir. 2006).

42. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file at the time of her request. Experian's disclosure masked the full account numbers and omitted account information and payment history for each of the tradelines identified, preventing Plaintiff from identifying, understanding, and verifying those accounts against her own records. Experian's ability to furnish complete account numbers, account information, and payment history to third-party creditors and lenders confirms that the omitted information was contained in Plaintiff's file at the time of her request, demonstrating both Experian's ability to comply with 15 U.S.C. § 1681g(a) and that the omissions from Plaintiff's consumer disclosure were deliberate, not accidental.

43. Experian's omission of full account numbers for specifically identified tradelines is actionable under § 1681g(a)(1). Courts in this district have squarely held that full account numbers fall within the scope of "file" under § 1681g and that their omission states a plausible claim. *Blevins*

*v. Equifax Info. Servs. LLC*, No. 25-cv-23481-BLOOM, 2025 U.S. Dist. LEXIS 266504, at *6–7 (S.D. Fla. Dec. 29, 2025) (denying motion for judgment on the pleadings; holding full account numbers are within "file" under § 1681g; "knowing the original creditor is essential to understanding the origin of a debt and full account numbers enable consumers to cross reference their records"); *Emery v. Equifax Info. Servs., LLC*, No. 8:25-cv-01979-MSS-SPF, 2026 U.S. Dist. LEXIS 80346, at *5–6 (M.D. Fla. Apr. 13, 2026) (denying judgment on the pleadings; allegation that defendant failed to disclose full account numbers and original creditor names is "sufficient to state a claim for § 1681g"). At the motion-to-dismiss stage, it need not be resolved whether Experian redacted the account numbers itself or whether the furnishers reported truncated numbers to Experian, the allegation of specific omitted information is enough. *Rawls v. Trans Union, LLC,* No. 1:24-CV-3948-VMC-CCB, 2025 U.S. Dist. LEXIS 150328, at *12–13 (N.D. Ga. Aug. 5, 2025), adopted, 2025 WL 3567186 (N.D. Ga. Sept. 17, 2025); *Washington v. Equifax*, No. 3:19-cv-00154, 2019 WL 2443126, at *2–3 (M.D. Tenn. June 12, 2019) ("In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

44. Experian's omission of complete payment history is independently actionable. Payment histories are substantive data reported to Experian by third-party data furnishers and fall squarely within the broad definition of "file" under § 1681a(g). *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 U.S. Dist. LEXIS 46699, at *15–17 (E.D. Tex. Feb. 9, 2026) (rejecting argument that payment history falls outside § 1681g and holding "the court sees no reason why the full account numbers, internal data, and payment history are not part of the consumer file as alleged"); *Harris v. TransUnion, L.L.C. ("Harris II")*, No.

1:25-CV-192-MLB-JKL, 2025 WL 3306434, at *7 (N.D. Ga. Oct. 20, 2025) ("Plaintiff has identified specific information: account numbers and/or payment histories, that were truncated or missing from specific accounts in Defendant's disclosure of his consumer file . . . Plaintiff has plausibly alleged that Defendant failed to disclose information in violation of § 1681g(a)(1)."). This is categorically different from purely internal record-keeping mechanisms such as purge dates which may fall outside § 1681g's scope. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712 (3d Cir. 2010).

45. A claim under § 1681g(a)(1) does not require a showing of inaccuracy in reporting. Section 1681g(a)(1) imposes an independent duty of complete disclosure that is distinct from the accuracy obligations in §§ 1681e(b) and 1681i. *Emery*, 2026 U.S. Dist. LEXIS 80346, at *4–5 ("The requirements to state a claim under § 1681g(a)(1) are not the same as those for § 1681e(b) . . . nor are they the same as § 1681i."); *Blevins*, 2025 U.S. Dist. LEXIS 266504, at *3–4 ("§ 1681g(a)(1) of the FCRA does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision itself.").

46. Section 1681g(a)(1) likewise contains no creditworthiness exception. The plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any carve-out based on creditworthiness. *Blevins*, 2025 U.S. Dist. LEXIS 266504, at *7 ("the plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any exception based on credit worthiness"); *Emery*, 2026 U.S. Dist. LEXIS 80346, at *5–6; Banks, 2026 U.S. Dist. LEXIS 46699, at *17 (holding that even assuming a narrower creditworthiness interpretation applied, "the omission of payment history on tradelines would bear on creditworthiness"); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir.

2022) (finding alleged violations of § 1681g sufficient to confer standing, noting the disclosures at issue were necessary for informed decision-making).

47. Experian's violations were willful within the meaning of 15 U.S.C. § 1681n. Experian has known of the systemic deficiencies in its automated disclosure templates for years, knew those deficiencies resulted in incomplete disclosures to consumers nationwide, and intentionally failed to correct them to reduce costs and increase profits. *Banks*, 2026 U.S. Dist. LEXIS 46699, at *13–14 (finding willfulness adequately alleged where plaintiff alleged the defendant's conduct was "knowing and repeated," "intentional," and that it "has known of the issues for years but has done nothing to fix them"); *Blevins*, 025 U.S. Dist. LEXIS 266504, at *3 (S.D. Fla.) (same allegations found sufficient to allege willfulness warranting statutory and punitive damages under § 1681n).

48. Experian is therefore liable to Plaintiff under 15 U.S.C. § 1681n for statutory damages of $100 to $1,000 per violation, actual damages, punitive damages, and costs for willful noncompliance, or alternatively under 15 U.S.C. § 1681o for actual damages and costs for negligent noncompliance.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant Experian Information Solutions, Inc., and that the Court award:

1. Actual damages pursuant to 15 U.S.C. § 1681o and/or § 1681n in an amount to be determined at trial;

2. Statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n;

3. Punitive damages pursuant to 15 U.S.C. § 1681n;

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) and/or § 1681n(a)(3), calculated using the lodestar method;

5. Any other relief the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 26, 2026

Respectfully submitted,

/s/ Daniel Lenghea
Daniel Lenghea, Esq.
FL BAR ID: 86508
66 W Flagler Street
The Concord Building
Suite 900
Miami, FL 33130
Phone: (305) 848-9700
Direct: (305) 343-6707
Email: daniel@lenghea.com

*Attorney for Plaintiff*